UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

GFR, LTD.,

     Plaintiff,                               Case No. _____

v.

MARK FARNER and JUST HAVING FUN PRODUCTIONS, INC.

     Defendant.

_____

Douglas S. Bishop (P27616)
David A. Cvengros (P48504)
Bishop &Heintz, P.C.
Attorneys for Plaintiff
440 W. Front at Oak St., P.O. Box 707
Traverse City, MI 49685-0707
(231) 946-4100

_____

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, and VIOLATION OF INJUNCTION

NOW COMES Plaintiff, GFR, Ltd., by and through its attorneys, Bishop &Heintz, P.C., and for its Complaint against Defendant, Mark Farner and Just Having Fun Productions, Inc. states as follows:

### Jurisdiction and Venue

1.    This is an action brought pursuant to the Lanham Act, 15 U.S.C. §1051 *et seq.*, for infringement of the trademark rights of Plaintiff in violation of 15 U.S.C. §1114 and

15 U.S.C. §1125(a). Jurisdiction is proper under 28 U.S.C. §1331 (federal question), combined with substantial and related claims for trademark unfair competition under state law.

2.     Venue is proper under 28 U.S.C. §1391 in that the infringement is occurring in the district, and any impending infringement will have a substantial effect on the Plaintiff residing in this district.

### Parties

3.     Plaintiff, GFR, Ltd (hereinafter "GFR" or "Grand Funk" or "Grand Funk Railroad"), is a Michigan corporation with its principal place of business located at 6537 Skegemog Point Road, Williamsburg, Michigan 49690.

4.     Defendant Mark Farner (hereinafter "Farner") is a citizen and resident of the State of Michigan.

5.     Defendant, Just Having Fun Productions, Inc., is a California Corporation, ID # C343902 with a registered address of 5328 Alhama Drive, Woodland, California, which regularly does business in the State of Michigan and has performed services as agents for Defendant Mark Farner at times relevant to this action in this jurisdiction.

### Nature of the Action and Relevant Facts

6.     GFR is a famous rock band performing as GRAND FUNK RAILROAD, GRAND FUNK, and THE AMERICAN BAND, and is referred to herein as the "Band," "GRAND FUNK," and/ or "GFR."

7.     GFR owns of a number of famous marks, including, without limitation: GRAND FUNK RAILROAD, GRAND FUNK, and THE AMERICAN BAND (hereinafter referred to as the "GFR Marks."

2

8.    GFR owns a number of incontestable federal registrations for the GFR Marks, including among them: United States Federal Trademark Registration Nos. 2,820,656 for THE AMERICAN BAND; 2,791,528, for GRAND FUNK RAILROAD THE AMERICAN BAND & Design; and 1,936,824, for GRAND FUNK RAILROAD. These are referred to herein as the GFR Registrations. All GFR Registrations listed are valid and enforceable and are incontestable.

9.    GRAND FUNK RAILROAD is a musical phenomenon which has toured throughout the world and sold millions of records, including twelve "Gold" albums (sales of at least half a million) and ten "Platinum" albums (sales of at least one million), and two Billboard number one million-selling singles ("We're An American Band" and "Locomotion"), as well as ten Billboard top forty singles including "I'm Your Captain (Closer To Home)" "Walk like a Man", "Shinin' On", and "Some Kind of Wonderful".

10.    By virtue of its many decades of popularity and sales of concert tickets, records, songs, and related goods/services, the GFR Marks THE AMERICAN BAND, GRAND FUNK, and GRAND FUNK RAILROAD, among others, have become famous, and are strongly associated with Plaintiff.

11.    GRAND FUNK continues to tour with two out of its original three founding members, Don Brewer and Mel Schacher.

12.    Defendant Farner, one of the original members of Grand Funk Railroad, left the Band in 1983 to pursue a solo career. Farner continues to tour as a solo artist. Although Farner rejoined the Band in the mid-1990's, he permanently left the group in 1998.

13.    On information and belief, Just Having Fun Productions, Inc. is Farner's booking agent and contracts with third parties for Farner's concert dates as a solo artist.

3

14.    In 2003, GFR brought an action against Farner and his former agent, Paradise Artists, Ltd. for trademark infringement of the marks GRAND FUNK and GRAND FUNK RAILROAD. (hereinafter referred to as the "Original Lawsuit.")

15.    The Original Lawsuit resulted in a Permanent Injunction which is attached hereto as Exhibit A (the "Permanent Injunction."). The Permanent Injunction bars Farner and those acting in "active concert or participation" with Farner from using the words "Grand Funk" and/or "Grand Funk Railroad" with any billing of Mark Farner or any musical or other performing act in which he performs except in compliance with the express conditions of the Permanent Injunction.

16.    Pursuant to the Permanent Injunction, Defendant Farner is permitted to utilize, as part of the billing of his personal performances, any of the following:

> (i)     Mark Farner formerly of Grand Funk Railroad;
> (ii)    Mark Farner, former member of Grand Fund Railroad;
> (iii)   Mark Farner, former original member of Grand Funk Railroad;
> (iv)    Mark Farner, former member of Grand Funk Railroad; or
> (v)     For the permitted uses delineated, above, in (i) through (iv) "GRAND FUNK may be used in place of GRAND FUNK RAILROAD."

See Exhibit A.

17.    Additionally, the Permanent Injunction provides that the term "GRAND FUNK RAILROAD" and/or "GRAND FUNK", is subject to the further condition that the term "MARK FARNER" shall appear in all capital letters; the words "Grand Funk" and/or "Grand Funk Railroad" shall appear in lower case letters with only the initial letter of each word permitted to be capitalized; the words "former" "formerly" and "member" shall have at least the first letter capitalized; and all words, other than "MARK FARNER" shall be of the same size and type and no larger than 50% of the type size of "Mark Farner". The Permanent Injunction in no way allows Defendants to utilize any other of Plaintiff's marks.

4

18.     Currently, and in open defiance of this Honorable Court's Permanent Injunction,
Defendant Farner has undertaken a concert tour series promoting himself using the Plaintiff's
Marks, namely, using, without Plaintiff's permission, the Marks GRAND FUNK RAILROAD
and THE AMERICAN BAND in violation of the Permanent Injunction, and in violation of
Plaintiff's exclusive trademark rights in the Marks and the GFR Registrations.

19.     As of March 5, 2018, Plaintiff has documented the following violations of the
Permanent Injunction in the advertising of Defendant Farner's musical efforts:

(i)     03/02/18 Milwaukee, Wisconsin, billed as "MARK FARNER'S
AMERICAN BAND." Unauthorized use of Registered Mark
"AMERICAN BAND."

(ii)    03/03/18 Medina, Minnesota, billed as "Mark Farner formerly from
Grand Funk Railroad." Improper use of capitalization.

(iii)   3/22/18 Ridgefield, Connecticut, billed as "Mark Farner  Formerly of
Grand Funk Railroad". Improper use of capitalization.

(iv)    4/27/18 Harbinger, North Carolina, billed as "Mark Farner - American
Band Founding member of Grand Funk Railroad". Unauthorized use of
Registered Mark "AMERICAN BAND." Improper description, use of
capitalization, and insufficient font reduction.

(v)     5/1218 and 5/13/18 Guam, billed as "Mark Farner formerly of Grand
Funk Railroad". Improper use of capitalization and no font reduction.

(vi)    6/9/18 Everett, Washington, billed as "Mark Farner's American
Band" and "Former lead singer of Grand Funk Railroad". Improper
description, use of capitalization, and no font reduction. Billed as "Mark
Farner's American Band (Grand Funk Railroad) with Medicine Hat".
Unauthorized use of Registered Mark "AMERICAN BAND."
Improper description, use of capitalization, and no font reduction.

(vii)   11/2/18 Natick, Massachusetts, billed as "Mark Farner's American Band
Acoustic". Unauthorized use of Registered Mark "AMERICAN BAND."
Improper description.

20.     Additionally, Defendant Farner filed a trademark application with the USPTO,
Serial No. 87/204,086 for the confusingly similar mark to Plaintiff's mark THE AMERICAN

5

BAND, namely, for the mark MARK FARNER's AMERICAN BAND, based on intent-to-use, which application matured into  Registration No. 5,413,822 on February 27, 2018 (referred to herein as the "Conflicting Registration.".) The Conflicting Registration purports to confer on Farner the exclusive rights to the MARK FARNER's AMERICAN BAND, which are directly inconsistent with Plaintiff's right to THE AMERICAN BAND.

21.     Defendants' use of the Mark AMERICAN BAND is unauthorized and likely to cause confusion with Plaintiff, its Marks, and its Registrations, and is causing harm to Plaintiff.

22.     Defendants' actions in violation of the Permanent Injunction are causing harm to Plaintiff.

23.     Plaintiff is suffering, and will continue to suffer from the likelihood of confusion caused by Defendant's use of confusingly similar marks.

24.     Plaintiff is suffering, and will continue to suffer, from Defendant's erroneously issued Conflicting Registration, which is a threat to Plaintiff's exclusive rights, and which casts a cloud over Plaintiff's ownership of its own extremely valuable Registration for The American Band.

25.     This Action is brought to protect Plaintiff from the irreparable harm resulting from Defendant's use of marks which are confusingly similar to Plaintiff's Marks and Registrations as well as Defendant's violation of this Court's Permanent Injunction.  Further, Defendant's Conflicting Registration is itself a source of irreparable harm to Plaintiff, threatening to limit Plaintiff's exclusive rights to use and register its Marks.  Accordingly, the Conflicting Registration should be cancelled.

26.     Plaintiff has notified Defendant of its violations as set forth herein, but Defendant has refused to honor the Injunction and/or Plaintiff's trademarks.

**Count I – Trademark Infringement in Violation of The Lanham Act, 15 U.S.C. § 1114**

27.     Plaintiff repeats and incorporates by references the allegations contained in paragraphs 1- 26 of the Complaint as though fully set forth herein.

28.     Defendant's conduct as described above constitutes infringement of Plaintiff's federally registered Marks in violation of the Lanham Act, 15 U.S.C. § 1114.

**Count II - Trademark Infringement in Violation of The Lanham Act, 15 U.S.C. § 1125(a)**

29.     Plaintiff repeats and incorporates by references the allegations contained in paragraphs 1-28 of the Complaint as though fully set forth herein.

30.     Defendants' actions constitute a violation of the Lanham Act, 15 U.S.C. §1125(a), and have caused substantial damage to Plaintiff, including, but not limited to, lost revenue and future sales.

**Count III – Federal Trademark Dilution – Lanham Act (15 U.S.C. §1125(c))**

31.     Plaintiff repeats and incorporates by references the allegations contained in paragraphs 1-30 of the Complaint as though fully set forth herein.

32.     Plaintiff owns the Marks and the Registrations.

33.     The Marks and Registrations are famous.

34.     The Marks and Registrations were famous before Defendants adopted the name for use, which is identified in the intent-to-use Conflicting Registration as October 14, 2016.

35.     Defendants' use of the Registered Marks include commercial use.

36.     Defendants' actions, including but not limited to its unauthorized use of Plaintiff's Marks, and its Conflicting Registrations, have caused, and are causing dilution of Plaintiff's famous Marks and Registrations.

37.     Defendants' activities are likely to cause, have caused, and are continuing to cause trademark dilution.

38.     Plaintiff is entitled to injunctive relief.

39.     Plaintiff is entitled to damages, including disgorgement of Defendants' profits, an award of Plaintiff's actual damages, and the costs of this action.

40.     Defendants' dilution qualifies as an extraordinary case justifying an award of attorney fees and costs to Plaintiff of Plaintiff's famous Marks and Registrations.

### Count IV - Common Law Unfair Competition

41.     Plaintiff repeats and incorporates by references the allegations contained in paragraphs 1-40 of the Complaint as though fully set forth herein.

42.     Defendant's actions outlined herein have caused, and will continue to cause, confusion and damage to the Plaintiff in violation of Michigan Common Law of Unfair Competition.

### Count V – Cancellation of Reg. 5413822

43.     Plaintiff repeats and incorporates by references the allegations contained in paragraphs 1-42 of the Complaint as though fully set forth herein.

44.     If Defendant is permitted to retain the confusingly similar, and dilutive Registration sought to be canceled, which incorporates Petitioner's Mark THE AMERICAN BAND in its entirety, Plaintiff will be damaged as by the loss of the exclusive rights and presumptions to which it is entitled by virtue of its incontestable Registration over many years.

45.     If Defendant is permitted to retain the Registration sought to be canceled, a cloud will be placed on Plaintiff's title in and to its Marks and on its right to enjoy the free and exclusive use thereof as it relates to its services.   Plaintiff may be limited its future attempts to register its rightfully owned Marks.  Such a Conflicting Registration is and will continue to be a source of damage and injury to the Plaintiff.

WHEREAS, Plaintiff requests the following relief:

(1)    A preliminary and permanent injunction enjoining Defendant, their employees, agents, officers, directors, attorneys, representatives, successors, affiliates, parents, subsidiaries, licensees, and assigns, and all those in active concert or participation with any of them, from the following acts:

(a)    using or attempting to use on or in connection with any business or service, or the sale, offering for sale, distribution, advertising, promotion, labeling or packaging, of any service or any goods, or for any purpose whatsoever: (1) the any mark incorporating "THE AMERICAN BAND," "GRAND FUNK" and/or "GRAND FUNK RAILROAD," or any other name, mark or designation which colorably imitates or is confusingly similar to said names or marks, alone or in combination with any other mark(s), designation(s), word(s), term(s) and or design(s); and (2) any false description or representation or any other thing calculated or likely to cause confusion or mistake in the public mind or to deceive the public into the belief that Defendants or their products or services are connected to Plaintiff or its Marks, or that Defendant's products and services come from or are approved or endorsed by Plaintiff; and

(b)    otherwise engaging in acts, either directly or through other entities, of infringement and unfair competition;

(2)    An order requiring Defendant to make no use of the any of the Marks, including without limitation AMERICAN BAND and/or GRAND FUNK RAILROAD, and to expressly surrender his Trademark Registration 5413822

(3)    An Order requiring Defendant to file with the Court and serve upon Plaintiffs, within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

9

(4)     A declaration that Defendant's impending acts of trademark infringement and unfair competition are knowing, willful and "exceptional" within the meaning of 15 U.S.C.§ 1117;

(5)     An Order awarding to Plaintiff actual damages and an accounting of Defendant's profits, including any statutory enhancements on account of the willful nature of Defendants' acts;

(6)     An Order awarding to Plaintiff prejudgment and post-judgment interest;

(7)     An award of Plaintiff's costs and expenses, including, without limitation, reasonable attorney fees;

(8)     A finding of contempt against Defendants' for violation of this Honorable Court's Permanent Injunction and an award of all damages including costs and reasonable attorney fees as allowed by law; and

(9)     All other relief, in law or in equity, to which Plaintiff may be entitled, or which the Court deems just and proper.

Plaintiff respectfully requests a jury trial of all issues so triable.

BISHOP & HEINTZ, P.C.

/s/ David A. Cvengros

Dated:  March 7, 2018                    By:     _____
                                                 Douglas S. Bishop (P27616)
                                                 David A. Cvengros (P48504)
                                                 Attorneys for Plaintiff
                                                 440 West Front at Oak Street
                                                 P.O. Box 707
                                                 Traverse City, MI 49684
                                                 (231) 946-4100

G:\Tracie\word2\Data\GFR\GFR Complaint.docx